**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WESTERN FALCON, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2963 |
| | § | |
| MOORE ROD & PIPE, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On October 8, 2013, the plaintiffs sued Moore Rod & Pipe, LLC and Moore Pipe Inc., alleging that the defendants' "Shur-Flo" polymer liner infringed the plaintiffs' patent, U.S. Patent No. Re. 36,362, and alleging that the defendants were inducing their customers to infringe. (Docket Entry No. 1). Moore Rod & Pipe, LLC filed a motion to stay the litigation pending the outcome of an inter partes review of the patent by the United States Patent and Trademark Office ("PTO"). The plaintiffs filed a motion for a preliminary injunction seeking an order enjoining the defendants from inducing infringement by their customers. (Docket Entry No. 22).

This court held a hearing on January 30, 2014 and granted the defendants' motion to stay. (Docket Entry No. 33). The court ordered the parties to submit a joint motion setting forth in detail the conduct the defendants were enjoined from engaging in pending the PTO's inter partes review. (*Id.*). The parties submitted an agreed order, which this court entered on February 4, 2014. (Docket Entry No. 34). The order prohibited the defendants and affiliated parties from:

> [a]dvertising, promoting, or offering for sale polymer liners or lined tubulars, including Shur-Flo™, for use in the United States in production wells utilizing rod-pumping systems, until December 7, 2014.

(*Id.* at 3). The restriction did not apply to products that the defendants marketed "only for use in applications other than those utilizing rod-pumping systems." (*Id.*).

On May 28, 2014, the plaintiffs filed a motion for contempt, alleging that the defendants willfully violated the injunction by (1) advertising Shur-Flo on their website for rod-pumping purposes, (2) advertising Shur-Flo on an industry website for rod-pumping purposes, and (3) having the defendants' salespeople market Shur-Flo to potential customers of rod-pumping products. (Docket Entry No. 37). The contempt motion sought sanctions in the form of disgorgement of profits as well as fees and costs associated with the motion.

On June 5, 2014, the court held a hearing on the motion. The defendants agreed on the record to remove the references to the alleged improper references to Shur-Flo on the websites. The court advised the plaintiffs that if they wished to pursue the contempt motion, they must file an affidavit by June 20, 2014 identifying at least one customer to whom the defendants marketed their product for an allegedly infringing use. (Docket Entry No. 33).

The June 20, 2014 deadline has passed without any such filings. The motion for contempt, (Docket Entry No. 37), is denied. This case remains subject to the order staying and administratively closing it pending the inter partes review.

SIGNED on August 6, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge