UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WESTERN FALCON, INC. and<br>WAGON TRAIL VENTURES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MOORE ROD & PIPE, LLC and<br>MOORE PIPE, INC.,<br><br>    Defendants | Civil Action No. 4:13-cv-02963 |

**DEFENDANTS' MOTION TO LIFT STAY
AND DISSOLVE PRELIMINARY INJUNCTION AND
MOTION FOR EXPEDITED CONSIDERATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, Moore Rod & Pipe, LLC ("MRP") and Moore Pipe Inc. ("MPI," and with MRP, collectively, "Defendants") and file this Motion to Lift Stay and Dissolve Preliminary Injunction ("Motion to Lift Stay and Dissolve'") and Motion for Expedited Consideration and in support hereof would respectfully show the Court as follows:

**I.
PRELIMINARY STATEMENT**

1. On October 2, 2014, the United States Patent and Trademark Office ("USPTO") decided that all the claims asserted by Plaintiffs Western Falcon, Inc. ("Western Falcon") and Wagon Trail Ventures, Inc. ("Wagon Trail," and with Western Falcon, "Plaintiffs") regarding U.S. Patent No. 36,362 (the "'362 Patent") are unpatentable in the *Inter Partes* Review ("IPR") proceeding — Case No. IPR 2013-00418, *Moore Rod & Pipe, LLC v. Wagon Trail Ventures, Inc.*, Before the Patent Trial and Appeal Board of the USPTO (the "IPR Proceeding"). A true

1

and correct copy of the Final Written Decision in the IPR Proceeding is attached as Exhibit "1" and is incorporated by reference.

2. In light of the Final Written Decision, Defendants respectfully move the Court to immediately lift the stay and dissolve the Agreed Preliminary Injunction signed on February 4, 2014. Defendants further request expedited consideration of the Motion to Lift Stay and Dissolve so that Defendants can resume all commercial operations.

3. Plaintiffs filed this retaliatory lawsuit against Defendants on October 8, 2013, after Defendants challenged Plaintiffs' claimed '362 patent in the IPR Proceeding on July 3, 2013. Plaintiffs alleged that Defendants <u>indirectly</u> induced infringement of the '362 patent, owned by Wagon Trail and exclusively licensed by Western Falcon.

4. Plaintiffs' allegations in this case that Defendants induced infringement of the '362 Patent fail as a matter of law in light of the U.S. Supreme Court's opinion in *Limelight Networks, Inc. v. Akamai Tech., Inc.,* 134 S.Ct. 2111 (2014). In *Limelight Networks,* the Supreme Court held that a defendant cannot be held liable for inducing infringement of a patent under 35 U.S.C. § 271(b) when no one has directly infringed the patent under § 271(a) or any other statutory provision. Plaintiffs did not allege direct infringement of the '362 patent. Because Plaintiffs failed to allege direct infringement, Defendants filed their Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) contemporaneously herewith. Further, because this is an exceptional case, Defendants filed their Motion for Award of Attorneys' Fees pursuant to 35 U.S.C. § 285.

## II.
### PROCEDURAL HISTORY

5. On July 3, 2013, MRP filed its Original Petition for *Inter Partes* Review ("IPR") of all claims of the '362 Patent in the USPTO.

6. On July 18, 2013, MRP filed its Amended Petition for *Inter Partes* Review with the USPTO.

7. Plaintiff, Wagon Trail, filed its preliminary response with the USPTO on October 3, 2013. Plaintiffs instituted this civil action on October 8, 2013. [Docket No. 1].

8. On November 6, 2013, Defendants filed a Motion to Stay Proceedings Pending *Inter Partes* Review. [Docket Nos. 7, 13].

9. On December 13, 2013, the USPTO issued its Decision granting *Inter Partes* review. A true and correct copy of the USPTO Decision is attached as Exhibit "2" and is incorporated by reference. In doing so, the USPTO determined "that there is a reasonable likelihood that [MRP] would prevail in showing unpatentability of claims 1-20 of the '362 patent." (Ex. 2 at p. 2).

10. On December 20, 2013, Plaintiffs filed their Motion for Preliminary Injunction. [Docket No. 22].

11. On December 31, 2013, Defendants filed Defendants' Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction. [Docket No. 23].

12. On January 30, 2014, a discovery hearing was set, at which time the Court considered Defendants' Motion to Stay Proceedings Pending *Inter Partes* Review. [Docket No. 33]. The Court instructed the parties to submit a "joint motion addressing conduct the defendants are enjoined from engaging in while the *inter partes* review is pending." *Id.*

13. On February 4, 2014, the Court signed the Agreed Order of Stay and Injunction (the "Order"). [Docket No. 34].

14. In pertinent part, the Order provides as follows:

> 1. This case is hereby stayed pending a Final Resolution of the IPR Proceeding, and shall be administratively closed for the duration of

> the stay. "Final Resolution" of the IPR Proceeding will occur once a certificate, as described in 37 C.F.R. § 42.80, is issued and published. The parties shall file a joint notice with the Court within 7 days of Final Resolution of the IPR Proceeding. The notice shall advise the Court of the results and status of the IPR Proceeding. Further, the notice shall attach a copy of the certificate described in 37 C.F.R. § 42.80. Once there is a Final Resolution of the IPR Proceeding, any party may request a lifting of the stay. Once the stay is lifted, each and every party to this case agrees that they will each be estopped from asserting or maintaining claims or defenses which were, or could have been, asserted in the IPR Proceeding. Notwithstanding the fact that this case will be stayed, nothing about this Order precludes either party from immediately filing, during the stay, a motion to address potential violations of the Injunction or this Court from enforcing the Injunction during the stay.

(Ex. 3). For the reasons stated below, Plaintiffs move the Court to lift the stay and dissolve the Preliminary Injunction before a final certificate is issued.

### III.
### STATEMENT OF FACTS

15. Defendants MPI and MRP are in the business of designing and distributing oil country tubular goods ("OCTG"). MRP is a Texas limited liability company that sells OCTG throughout the United States. MPI is a Canadian entity that does not sell products into the United States.

16. Defendant MPI manufactures and sells its Shur-Flo product line, which is a polymer lining intended for installation in production tubing sections. MPI does not sell its Shur-Flo products into the United States. On one occasion, prior to the lawsuit, MPI sold one shipment to a Canadian distributor who, unbeknownst to MPI, subsequently sold the Shur-Flo products to a customer in the United States. Upon learning of the sale, MPI informed the Canadian distributor to immediately cease any further sales into the United States. The distributor indicated that it has complied with MPI's request. The distributor informed MPI that

only one truck load of lined tubing was shipped to a customer in the United States.

17. Upon its formation in January 2013, Defendant MRP began assisting MPI in the research and development of the Shur-Flo™ product line. MRP provides information concerning the Shur-Flo™ products on its website, www.moorerodandpipe.com. To date, MRP has only made one sale of Shur-Flo™ product. The sale was made in November 2013, through its distributor, Century Tubular, for use in a salt water disposal well. Century Tubular confirmed that the liner is to be used in an injection well. MRP has not made any sales of Shur-Flo products for use in reciprocating wells. Since that sale, MRP has not manufactured or sold Shur-Flo™ product.

18. Plaintiffs complain that Defendants' Shur-Flo product line violates the '362 patent. Upon receipt of Plaintiffs' cease and desist letter, dated April 18, 2013, Defendants sought legal counsel concerning the validity of the '362 patent. In an effort to avoid the instant litigation, MRP informally offered to license the '362 patent. Instead of opting to resolve this matter in a reasonable and cost-effective manner, Plaintiffs rejected MRP's good faith offer. MRP was then forced to institute an *inter partes* proceeding with the USPTO on July 3, 2013.

19. Shortly after filing their response to MRP's petition in the IPR Proceeding, Plaintiffs filed the instant suit. On December 13, 2013, the USPTO issued its preliminary determination that MRP provided sufficient evidence that the '362 patent was invalid as obvious under 35 U.S.C. 103. Despite the USPTO's decision, Plaintiffs insisted that the '362 patent is valid and sought a preliminary injunction.

20. The '362 patent will expire on December 16, 2014. Plaintiffs defended the IPR Proceeding and filed the instant lawsuit in an effort to "run out the clock" and prevent Defendants from marketing their products until after the '362 patent expires. In light of the Final

Written Decision holding that all of Plaintiffs' claims under the '362 patent are unpatentable and the *Limelight Networks* decision holding that claims of induced infringement are not actionable as a matter of law, the Court should immediately lift the stay and dissolve the Preliminary Injunction.

## IV.
## FINAL WRITTEN DECISION HOLDS PLAINTIFFS' CLAIMS ARE UNPATENTABLE

21. Congress provides for review of issued patents whereby any person may file a request with the USPTO for review of an issued patent. 35 U.S.C., Ch. 31. MRP requested an *inter partes* review pursuant to 35 U.S.C. § 311 *et seq*. The purpose of the IPR Proceeding established by the Leahy-Smith America Invents Act ("AIA") is to "establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes to Implement Inter Partes Review Proceedings*, 77 Fed. Reg. 157 (Aug. 14, 2012). In an *inter partes* review, the party requesting review and the patent owner participate in the proceedings, including filing responses, conducting limited discovery and the right to oral hearings. 35 U.S.C. § 316. Additionally, the requesting party is estopped from re-litigating any issue which was raised or could have been raised during the *inter partes* review. 35 U.S.C. § 315(e)(2).

22. In the IPR Proceeding, the Patent Trial and Appeal Board held that MRP demonstrated by a preponderance of the evidence that Plaintiffs' claims 1–20 would have been obvious over prior patents Lacy and Oster and the Admitted Prior Art. (Final Written Decision at p. 6). The Patent Trial and Appeal Board determined that Plaintiffs' evidence of non-obviousness was weak, while MRP's evidence of obviousness was strong. (Final Written Decision at p. 16). All of Plaintiffs' claims with regard to the '362 patent were found to be unpatentable. *Id.*

# V.
## MOTION TO LIFT STAY AND DISSOLVE PRELMINARY INJUNCTION

23. To obtain a preliminary injunction, the movant seeking the injunction must establish four factors: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *See Titan Tire Corp. v. Case New Holland, Inc.,* 566 F.3d 1372, 1375 (Fed.Cir.2009) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 374 (2008)).

24. Establishing that the movant is likely to succeed on the merits requires the patent holder to show both that it is likely to prove infringement and that it is likely to withstand any challenges to the validity of the patent. *Titan Tire,* 566 F.3d at 1376. The likelihood of success factor is evaluated using the same burdens and presumptions that apply at trial. *Id.* (citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418, 429 (2006)). However, "[t]he showing of a substantial question as to invalidity . . . requires less proof than the clear and convincing showing necessary to establish invalidity itself" at trial." *Entegris, Inc. v. Pall Corp.,* 490 F.3d 1340, 1351 (Fed. Cir. 2007) (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

25. The trial court has broad and flexible equitable powers to grant or dissolve temporary injunctions. *See Collum v. Edwards*, 578 F.2d 110 (5th Cr. 1978). The dissolution of a preliminary injunction is a matter within the sound discretion of the trial court and can only be set aside for an abuse of discretion. *Id.* (*citing Suarez v. Bro. Ry. Carmen of United States & Canada, AFL-CIO*, 546 F.2d 1143 (5th Cir. 1977)). A trial court has the discretion to dissolve an agreed preliminary injunction. *Suarez,* 546 F.2d at 1143. The district court is not irrevocably bound by prior determinations where the court determines that there has been a change in

circumstances warranting dissolution of the injunction. *Id.* The circumstances of this case have changed because (1) the USPTO issued its strongly worded Final Written Decision emphatically stating that all of Plaintiffs' claims are unpatentable and (2) in June 2014 the U.S. Supreme Court issued its decision *Limelight Networks* demonstrating that Plaintiffs' claims of induced infringement fail as a matter law. Under *Limelight Networks* and the Final Written Decision, Plaintiffs cannot succeed on the merits of their claims in this case. Because Plaintiffs cannot succeed on the merits of their claims, dissolution of the agreed preliminary injunction in this case is warranted.

26. It is inequitable for Plaintiffs to continue to prevent Defendants from marketing their products by continuing the preliminary injunction. Under the terms of the Order, Defendants could not seek to lift the stay and dissolve the preliminary injunction until all appeals of the Final Written Decision are exhausted and a certificate is issued pursuant to 37 C.F.R. 42.80. The USPTO issued the Final Written Decision on October 2, 2014. Under 37 C.F.R. 90.3, Plaintiffs have sixty-three (63) days after the date of the Final Written Decision to file an appeal under 35 U.S.C. § 141. 37 C.F.R. 90.3. Thus, the earliest the USPTO could issue a certificate under 37 C.F.R. § 42.80 is December 4, 2014. The '362 patent would then expire on December 16, 2014, just twelve (12) days later.

A. **The Final Written Decision Establishes that Plaintiffs' Claims Fail for Obviousness**

27. An issued patent enjoys a presumption of validity. *Technology Licensing Corp. v. Videotek, Inc.,* 545 F.3d 1316, 1327 (Fed.Cir.2008)). When the challenger to the patent's validity presents evidence of invalidity at the preliminary injunction stage, the movant "must persuade the court that, despite the challenge presented to validity, the patentee nevertheless is likely to succeed at trial on the validity issue." *Titan Tire,* 566 F.3d at 1377. The Court must consider the

evidence presented by both parties and determine whether there is a "substantial question" regarding the validity of the patent. *Id.* at 1379.

28. In the case at hand, Defendants challenge the validity of the '362 patent because it is obvious under 35 U.S.C. § 103. "Obviousness relates to whether the claimed invention would have been obvious at the time it was invented to a person of ordinary skill in the relevant art." *Gyrodata Inc. v. Gyro Technologies, Inc.*, 679 F. Supp. 2d 774, 780 (S.D. Tex. 2009) (citing *Ascend Geo, LLC v. OYO Geospace Corp.,* No. H–09–2886, 2009 WL 3735963, at *2 n. 3 (S.D. Tex. Nov. 4, 2009). "To establish a prima facie case of obviousness, there must be a showing of a teaching in the prior art that would lead one of ordinary skill to combine the relevant teachings of the prior art references [to create the claimed invention.]" *Lencco Racing Co., Inc. v. Jolliffe,* 10 Fed. Appx. 865, 869 (Fed.Cir.2001) (citing *Tec Air, Inc. v. Denso Mfg. Mich. Inc.,* 192 F.3d 1353, 1359–60 (Fed.Cir.1999)) (unreported opinion).

29. In *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 127 S. Ct. 1727 (2007), the Supreme Court provided guidance for courts considering obviousness challenges to patents. In that situation, "a court <u>must</u> ask whether the improvement is more than the predictable use of prior art elements according to their established functions. *Id.* at 417 (emphasis added).

29. With regard to their obviousness challenge to the '362 patent, Defendants incorporate the findings of the Patent and Trial Appeal Board in the Final Written Decision. (Ex. 1). By way of summary explanation, the '362 patent involves the use of polymer liners in production tubing strings in wells producing oil by rod pumping. The polymer liners reduce the abrasion and/or failure of the tubing joints caused by metal to metal contact between the tubing strings and the rods and rod couplings.

30. The Patent Trial and Appeal Board found that Plaintiffs' claims are unpatentable

9

under 35 U.S.C. § 103 in light of U.S. Patent No. 5,320,388 ("Lacy"), U.S. Patent No. 4,182,537 ("Oster"), and the admitted prior art referenced in the background section of the '362 patent ("Admitted Prior Art"). The Admitted Prior Art describes the typical rod pumping system, which is comprised of a string of sucker rods connected together by couplings. Lacy describes a system for applying a plastic liner to tubing used in oil wells for the purpose of minimizing the abrasion and deterioration of the tube. Oster describes a sucker rod coupling and guide intended to reduce the friction caused by the contact between a long string of sucker rods and the production tubing string within which they are moving up and down. The USPTO concluded that Plaintiffs' evidence of obviousness was strong and found in Defendants' favor. (Ex. 1).

31. In light of the above, Plaintiffs cannot show a likelihood of success on the merits and are not entitled to a preliminary injunction. The circumstances under which the Court signed the Order have changed since the USPTO issued the Final Written Decision.

**B.** **Plaintiffs' Claims of Infringement Fail under *Limelight Networks***

32. To maintain a preliminary injunction, Plaintiffs must also show that they are likely to succeed on the issue of infringement. *Ascend Geo, LLC v. OYO Geospace Corp.*, CIV.A. H-09-2886, 2009 WL 3735963 at *1 (S.D. Tex. Nov. 4, 2009). As is true on the issue of patent validity, a preliminary injunction should not be issued if there is a "substantial question" of infringement. *See Altana Pharma AG v. Teva Pharms. USA, Inc.,* 566 F.3d 999, 1006 (Fed. Cir. 2009) (citations omitted).

33. Plaintiffs cannot show that they will prevail on their claims of infringement. A patent infringement occurs when a person, "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C.A. § 271(a). Additionally,

"[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C.A. § 271(b).

34. A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *E-Pass Technologies, Inc. v. Microsoft, Inc.*, 444 F. Supp. 2d 748, 751 (S.D. Tex. 2006) *aff'd sub nom. E-Pass Technologies, Inc. v. Microsoft Corp.*, 231 Fed. Appx. 950 (Fed. Cir. 2007) (citing *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1378 (Fed.Cir.2005)). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011); *see also DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1306 (Fed.Cir.2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").

35. The U.S. Supreme Court issued its decision in *Limelight Networks* in June 2014, about three months after the Court signed the Order. *Limelight Networks, Inc. v. Akamai Tech., Inc.,* 134 S.Ct. 2111 (2014). In *Limelight Networks*, the Supreme Court ruled that a defendant is not liable for inducing infringement under §271(b) where no one has directly infringed under §271(a). 134 S.Ct. at xxxxx. The Supreme Court's decision bears on this case because, in their Complaint, Plaintiffs alleged patent infringement liability against Defendants only under §271(b) for inducing infringement (Compl. at ¶¶ 28, 54, 55, 57, 78, and 79). Although the Complaint asserts that "any customer" who practices the accused methods "will directly infringe" (Compl. at ¶ 27), Plaintiffs fail to identify any actual customer who has actually so practiced.

36. Plaintiffs' failure to identify customers who directly infringed on the claimed '362 Patent is not limited to the face of the Complaint. When Plaintiffs moved to hold Defendants in contempt for violating the Order and sought sanctions, the Court advised Plaintiffs to produce an affidavit by June 20, 2014, from at least one customer that showing that Defendants marketed their product for an allegedly infringing use. [Docket No. 40]. The June 20, 2014 deadline passed without any such filings. [Docket No. 41]. The Court denied Plaintiffs' motion for contempt. [Docket No. 41]. The Court further found that this case remains subject to the Order staying and administratively closing it pending the *inter partes* review.

37. In the case at hand, Plaintiffs cannot show a likelihood of success on the infringement claim against MRP because, as Plaintiffs admit, MRP has not caused direct infringement. *See page 15 of Plaintiffs' Motion for Preliminary Injunction* [Docket No. 22]. The '362 patent only involves polymer liners used in reciprocating oil wells. To date, MRP has only made one sale of Shur-Flo product, which was intended for use in an injection well. This use cannot constitute direct infringement of the '362 patent. MRP has made no sales of Shur-Flo products for use in a reciprocating oil well. Therefore, Plaintiffs cannot establish inducement of infringement against MRP.

38. With regard to MPI, Plaintiffs cannot establish the intent element with respect to the one sale of Shur-Flo products to an end user in the United States. Specifically, Plaintiffs cannot show that MPI specifically intended to encourage any party to infringe on the '362 patent when it sold its Shur-Flo products to a Canadian distributor who subsequently, and without prior knowledge of MPI, sold the product to a customer in the United States. Additionally, Plaintiffs have not provided competent evidence that the U.S. end user actually utilized the Shur-Flo lining in an infringing manner.

39. Defendants respectfully move the Court to lift the stay and dissolve the preliminary injunction in the Order because circumstances have changed. The Final Written Decision establishes that Plaintiffs are not likely to succeed on the merits of their case because they cannot prove the validity of the '362 Patent. The Supreme Court's decision in *Limelight Networks* demonstrates that Plaintiffs are not likely to succeed on the merits of their claims for induced infringement. For these reasons, the Court should grant this motion to lift the stay and dissolve the preliminary injunction.

## PRAYER

WHEREFORE, Defendants Moore Rod & Pipe, LLC and Moore Pipe, Inc. pray that the Court grant this Motion to Lift Stay and Dissolve Preliminary Injunction on expedited consideration and grant Defendants such other and further relief at law, and in equity, as is just.

Respectfully submitted,

By:    //s// George A. Kurisky, Jr.
      GEORGE A. KURISKY, JR.
      SBT No: 11767700

OF COUNSEL:

**JOHNSON DELUCA KURISKY & GOULD**
**A Professional Corporation**

Daniel J. Kasprzak
Texas Bar No. 11105300
Mark A. Bankston
Texas Bar No. 24001430
1221 Lamar Street, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile

**ATTORNEYS FOR DEFENDANTS,**
**MOORE ROD & PIPE, LLC AND**
**MOORE PIPE INC.**

## CERTIFICATE OF CONFERENCED

      I hereby certify that on Tuesday, October 7, 2014 at 10:25 a.m., I attempted to confer with Douglas H. Elliott, counsel for counsel for Plaintiffs Western Falcon, Inc. and Wagon Trail Ventures, Inc. regarding the foregoing Motion to Lift Stay and Motion for Expedited Consideration. Mr. Elliott was not available and I left a detailed message. It is assumed that Western Falcon, Inc. and Wagon Trail Ventures, Inc. are opposed to the relief requested herein.

                                            //s// Mark A. Bankston
                                            Mark A. Bankston

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing Defendants' Motion to Lift Stay and Dissolve Preliminary Injunction and Motion for Expedited Consideration was served by CM/ECF on this 7th day of October 2014.

    ***Via CM/ECF and Email at: doug@elliottiplaw.com***
    Douglas H. Elliott
    6750 West Loop South, Suite 995
    Bellaire, Texas 77401

                                            //s// Daniel J. Kasprzak
                                            Daniel J. Kasprzak