IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTERN FALCON, INC., *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-13-2963 |
| MOORE ROD & PIPE, LLC, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR AWARD OF ATTORNEYS' FEES**

Western Falcon, Inc. and Wagon Trail Ventures filed this patent infringement action against Moore Rode & Pipe, LLC ("Moore Rod") and Moore Pipe, Inc. ("Moore Pipe") in 2013, slightly more than a year before the patent was due to expire. The plaintiffs alleged that the defendants had induced, and would continue to induce, third parties to infringe their patented method for pumping well fluids through a polymer-lined rod-pumping system in certain types of oil wells. The defendants responded by alleging that the patent was invalid.

The court stayed the litigation and preliminarily enjoined the defendants from advertising or promoting their product for the acknowledged infringing use while the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") reviewed the patent's validity in an inter partes review. The PTAB found the patent invalid, and the defendants moved for summary judgment and attorneys' fees under 35 U.S.C. § 285. (Docket Entry Nos. 43). The court lifted the stay when the patent expired. The plaintiffs then moved to dismiss the claims and counterclaims, and the defendants filed a supplemental motion for attorneys' fees. (Docket Entry Nos. 63, 68).

Based on the record, the motions and responses, and the applicable law, the court: (1) grants

1

the plaintiffs' motion to dismiss all claims and counterclaims on the condition that the plaintiffs pay the defendants' costs of court, (Docket Entry No. 63); (2) denies the defendants' motions to recover their attorneys' fees, (Docket Entry Nos. 43, 68); and (3) denies as moot the defendants' motion for summary judgment. (Docket Entry No. 43). The reasons for these rulings are set out below.

**I.      Background**

In 1999, Western Falcon and Wagon Trail Ventures purchased the exclusive rights to U.S. Patent No. Re. 36,362 (the '362 Patent). The '362 Patent claims a method for pumping well fluids through a polymer-lined rod-pumping system for use with reciprocating oil wells. (Docket Entry No. 1 & 1-1). The plaintiffs manufactured and sold polymer liners to "a wide range of customers[,] including oil companies that would install the liners in an oil well pumping system, and use the liners to produce production fluids" under the patented method. (Docket Entry No. 63, at 2).

Moore Pipe and Moore Rod design and distribute tubular goods for use in the oil exploration and production industry. Moore Pipe is based in Canada and does not sell in the United States. Moore Pipe formed Moore Rod in January 2013 "for the purpose of designing and distributing [tubular goods] throughout the United States." (Docket Entry No. 64, at 5). Moore Rod is based in Texas. Moore Rod assisted Moore Pipe in researching and developing Moore Pipe's "Shur-Flo" product line, which uses a polymer lining intended for installation in production tubing sections. Moore Rod made only one sale of Shur-Flo products before the plaintiffs filed this suit. That one sale did not infringe the '362 Patent because the Shur-Flo products were used in salt-water disposal wells, not in rod-pumping reciprocating wells.

The plaintiffs learned in 2013 that Moore Pipe had supplied polyethylene liners to a distributor who had provided them to an end-user in the United States. The plaintiffs sent Moore

Pipe a cease-and-desist letter. In July 2013, Moore Rod asked the plaintiffs for a license under the '362 Patent. When the plaintiffs refused, Moore Rod requested inter partes review before the PTAB, arguing that the '362 Patent was invalid.[1]

On October 8, 2013, the plaintiffs sued, alleging that the defendants' "Shur-Flo" polymer liner infringed the plaintiffs' '362 Patent and that the defendants were inducing their customers to infringe. (Docket Entry No. 1). The plaintiffs sought: (1) damages for false advertising, in violation of the Lanham Act; (2) a declaratory judgment of false advertising; (3) a declaratory judgment that Moore Rod induced infringement; (4) a declaratory judgment that Moore Pipe induced infringement; (5) damages for tortious interference with prospective contract; (6) damages for tortious interference in the plaintiffs' relationship with an employee; and (7) damages for misappropriating trade secrets. (Docket Entry No. 1). Moore Rod and Moore Pipe counterclaimed for a declaratory judgment of noninfringement, invalidity, and inequitable conduct, and for attorneys' fees under 35 U.S.C. § 285. (Docket Entry Nos. 8, 10).

On November 6, 2013, the defendants moved to stay the litigation pending the PTAB's inter partes review. (Docket Entry Nos. 7, 13). On December 13, 2013, the PTAB granted inter partes review after finding "a reasonable likelihood that [the defendants] would prevail in showing unpatentability of claims 1-20 of the '362 patent." (Docket Entry No. 64, Ex. 2). On December 20,

---

[1] "In chapter 31 of Title 35, Congress established a process for inter partes review of an issued patent within the PTO." *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1374 (Fed. Cir. 2014) (emphasis omitted). "Section 311 specifies that a person other than the owner of the patent may petition the PTO for such review; section 312 describes the required contents of the petition; section 313 allows a response." *Id.* (citing 35 U.S.C. §§ 311–313). "Section 314 provides for the Director to institute an inter partes review upon receiving a petition." *Id.* (citing 35 U.S.C. § 314). "It specifies that the Director 'shall determine whether to institute an inter partes review,' and states that the Director may not grant the petition unless 'there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged.'" *Id.* (quoting 35 U.S.C. § 314(a)).

2013, the plaintiffs moved for a preliminary injunction ordering the defendants not to induce infringement by their customers. (Docket Entry No. 22). On February 4, 2014, after a hearing at which counsel presented argument, the court entered an agreed order staying the case pending the inter partes review proceeding and preliminarily enjoining Moore Rod and Moore Pipe from advertising, promoting, offering, or distributing their polymer-liner products for use with rod-pumping production wells in the United States. (Docket Entry No. 34).

On May 28, 2014, the plaintiffs moved to hold the defendants in contempt of the court's preliminary injunction order. (Docket Entry No. 37). The plaintiffs argued that the defendants had violated the order by advertising or promoting their Shur-Flo product for infringing use in rod-pumping wells in the United States through the defendants' websites, third-party websites, and face-to-face interactions with the plaintiffs' customers. (*Id.* at 7-8, 12-14). At the contempt hearing, the defendants agreed to remove from their website, and to request removal from a third-party website, references to the allegedly infringing use of the plaintiffs' product. (Docket Entry No. 40). The plaintiffs did not produce or identify evidence, however, to support their allegations that the defendants had marketed or distributed the product for infringing use to the plaintiffs' customers, in violation of the preliminary injunction order. The court instructed the plaintiffs that if they intended to pursue contempt, they had to file an affidavit from at least one customer showing that the defendants marketed their product for an infringing use, in violation of the preliminary injunction order. (Docket Entry No. 40). When the "deadline . . . passed without any such filings," the court denied the plaintiffs' motion to hold the defendants in contempt. (Docket Entry No. 41).

On October 2, 2014, the PTAB issued a final written decision finding the '362 Patent invalid. (Docket Entry No. 42-1); *see also* 35 U.S.C. §§ 6(b)(4), 316(c). Moore Rod and Moore Pipe moved

to lift the stay and dissolve the preliminary injunction. (Docket Entry No. 42). They also moved for summary judgment and an award of attorneys' fees under 35 U.S.C. § 285. (Docket Entry No. 43). The plaintiffs responded that summary judgment was inappropriate on the limited record and that the case did not warrant an attorneys' fee award. (Docket Entry No. 52). After a hearing, the court entered an agreed order temporarily lifting the stay, dissolving the parts of the preliminary injunction relating to patentability, reinstituting the stay for the short period remaining before the '362 Patent expired, and deferring a ruling on the motions for summary judgment and attorneys' fees. (Docket Entry Nos. 57, 58).

On December 3, 2014, the PTAB denied the plaintiffs' motion for rehearing of the final inter partes decision. The '362 Patent expired four days later, automatically lifting the stay. (Docket Entry No. 64, at 2). On December 23, 2014, the plaintiffs moved to dismiss all claims and counterclaims under Federal Rules of Civil Procedure 12(b)(1) and 41(a)(2). (Docket Entry No. 63). The plaintiffs argued that the PTAB's inter partes ruling, the '362 Patent's expiration, and the defendants' promises to refrain from specified types of advertising, hiring, and use of trade secrets, justified dismissing all of the plaintiffs' claims with prejudice under Rule 41(a)(2). (*Id.* at 6-8). The plaintiffs also sought dismissal under Rule 12(b)(1) of the defendants' counterclaims for a declaratory judgment of noninfringement, invalidity, and inequitable conduct, on the basis that the plaintiffs covenanted not to sue the defendants under the '362 Patent for any past, present, or future acts. (Docket Entry No. 63, at 8 & Ex. 2). The defendants responded, the plaintiffs replied, the defendants surreplied, and the plaintiffs filed a response to the defendants' supplemental surreply. (Docket Entry Nos. 64, 65, 66, 67, 68). The defendants also filed a supplemental motion for attorneys' fees, and the plaintiffs responded. (Docket Entry Nos. 68, 70). In the meantime, the

plaintiffs appealed the PTAB's inter partes review decision to the Federal Circuit. (Docket Entry No. 67, Ex. B). That appeal is pending.

The motions are analyzed below.

## II.    The Plaintiffs' Motion to Dismiss

The plaintiffs seek voluntary dismissal of their claims against the defendants with prejudice under Federal Rule of Civil Procedure 41(a)(2), based on the PTAB's inter partes ruling, the patent's expiration, and representations made by the defendants. (Docket Entry No. 63, at 6). The plaintiffs also seek dismissal of the defendants' counterclaims under Federal Rule of Civil Procedure 12(b)(1), based on the covenant not to sue. (*Id.* at 8). The defendants "agree their counterclaims and affirmative defenses are rendered moot" if the plaintiffs' claims are dismissed. (Docket Entry No. 64, at 3). The defendants argue that they are nonetheless entitled to their attorneys' fees under 35 U.S.C. § 285 because this is an "exceptional" case. (*Id.*).

Rule 41(a)(2) "precludes a plaintiff from dismissing a lawsuit without the court's permission if either an answer or a motion for summary judgment has been served on the plaintiff and the defendant does not consent to dismissal." *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007) (citing FED. RULE CIV. P. 41(a)(2)). The court may dismiss the action only "on terms that [it] considers proper." FED. R. CIV. P. 41(a)(2). "A district court's decision to dismiss a lawsuit under Rule 41(a)(2) is reviewed for abuse of discretion." *Hyde*, 511 F.3d at 509. When plaintiffs move to dismiss voluntarily without prejudice under Rule 41(a)(2), courts commonly award the defendants their attorneys' fees and costs. *Mort. Guar. Ins. Corp v. Richard Carylon Co.*, 904 F.2d 298, 300 (5th Cir. 1990) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)); *Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *3 (6th Cir. July 22, 1992)

(unpublished) (citing *Smoot v. Fox*, 353 F.2d 830 (6th Cir. 1965)). "[T]he purpose of such awards is generally to reimburse the defendant for the litigation costs incurred in view of the risk that the same suit will be refiled and will impose duplicative expenses upon the defendant." 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2366, at 536–38 & n.16 (3d ed. 2008).

When plaintiffs move to voluntarily dismiss with prejudice, fees are usually not appropriate, with some exceptions. *See Alexander v. State Farm Lloyds*, No. 4:12-cv-490, 2014 WL 549389, at *6 (S.D. Tex. Feb. 11, 2014) ("Attorney's fees are routinely imposed on voluntary dismissals without prejudice due to the risk that the defendant will be forced to relitigate its defense in another proceeding. This risk does not accompany a dismissal with prejudice."); *see also* 9 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2366, at 536–38 & n.16 ("Many courts have held that if the dismissal is with prejudice, the court lacks the power to require the payment of attorney's fees, unless the case is of a kind in which attorney's fees otherwise might be ordered after termination on the merits." (collecting cases)).[2]

The plaintiffs' motion to dismiss their claims with prejudice under Rule 41(a)(2) and to dismiss the defendants' counterclaims without prejudice under Rule 12(b)(1), (Docket Entry No. 63), is granted, on the condition that the plaintiffs pay the defendants' costs under Rule 54(d)(1).

---

[2] "The Fifth Circuit has held," however, "that a defendant who is on the receiving end of a voluntary dismissal with prejudice is a 'prevailing party'" entitled to costs "under Rule 54." *Alexander*, 2014 WL 549389, at *7 (citing *Schwarz v. Folloder*, 767 F.2d 125, 130-31 (5th Cir. 1985)); *see also In re Hornbeck Offshore Transp., LLC*, No. 10-0007, 2010 WL 3853017, at *2 (W.D. La. Sept. 21, 2010) ("[I]n *Schwartz*, . . . the Fifth Circuit recognized that a dismissal with prejudice is tantamount to a judgment on the merits, and the defendant is clearly the prevailing party and should ordinarily be entitled to costs."); *see also Power Mosfet Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1416 & n.4 (Fed. Cir. 2004) (holding that "[t]he dismissal of a claim with prejudice . . . is a judgment on the merits under the law of the Federal Circuit" and noting "that the rule does not differ in the Fifth Circuit" (citing *Schwarz*, 767 F.2d at 129)).

Rule 54 states that, unless otherwise indicated by statute or rule, "costs—other than attorney's fees—should be allowed to the prevailing party." *See* FED. R. CIV. P. 54(d)(1). The defendants are prevailing parties entitled to costs. *See Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985) ("Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case . . . is clearly the prevailing party and should ordinarily be entitled to costs."); *Alexander*, 2014 WL 549389, at *7 (requiring the party seeking voluntary dismissal with prejudice to pay the defendant's costs is "a 'proper' term for [the plaintiff's] dismissal under Rule 41(a)(2), in addition to being authorized by Rule 54(d)(1)").

Attorneys' fees may be appropriate under an independent statutory authority for an award. *See* WRIGHT & MILLER § 2366, at 540 & n.17 (citing cases). Courts generally "will not deviate from the American Rule" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts LLP v. ASARCO LLC*, No. 14-103, — S. Ct. —, 2015 WL 2473336, at *4 (U.S. June 15, 2015) (quotations omitted)). The defendants assert that 35 U.S.C. § 285 provides that independent statutory authority. Section 285 states that "[t]he court in exceptional [patent] cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; *see also Baker Botts*, 2015 WL 2473336, at *4 (a provision that "mentions 'fees,' a 'prevailing party,' and a 'civil action' . . . is a 'fee-shifting statute' that trumps the American Rule'" (quoting *Comm'r v. Jean*, 496 U.S. 154, 161 (1990)); *H.R. Tech. Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386 (Fed. Cir. 2002) (holding that § 285 provides an independent basis for the court's jurisdiction over an attorneys' fees claim).

The plaintiffs contend that the court lacks subject-matter jurisdiction over the defendants' request for attorneys' fees in light of the covenant not to sue for past, present, or future

8

infringements of the '362 Patent. (Docket Entry No. 65). The plaintiffs cite *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 856 (Fed. Cir. 1999), holding that the court lacked subject-matter jurisdiction over an alleged infringer's claim for a declaratory judgment of noninfringement because the patent holder had "filed a covenant not to assert a patent infringement claim against" the infringer and it was "clear that no controversy survive[d] the . . . covenant," and *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir. 1995). Neither *Amana* nor *Super Sack* involved a claim for attorneys' fees under 35 U.S.C. § 285. Courts consistently retain jurisdiction over attorneys' fees claims under 35 U.S.C. § 285 when, as here, a plaintiff has entered into a preverdict covenant not to sue for issues relating to patent infringement. *See Highway Equipment Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032-33 (Fed. Cir. 2006); *Imagineering, Inc. v. Van Klassens, Inc.*, 53 F.3d 1260, 1263 (Fed. Cir. 1995).

Despite the Rule 12(b)(1) dismissal, the court retains subject-matter jurisdiction to determine whether an award of attorneys' fees is appropriate under § 285. The plaintiffs' motion to dismiss the fee-award request for lack of subject-matter jurisdiction is denied.

**III.    The Defendants' Motions for Attorneys' Fees**

**A.    The Legal Standard for Awarding Attorneys' Fees in a Patent Case**

Title 35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court recently rejected what it characterized as an overly demanding and rigid reading of "exceptional case." The Court held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health &*

*Fitness, Inc.*, 134 S. Ct. 1749, 1756, 1758 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* In exercising that discretion, courts may consider, among other factors, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (citation omitted). A prevailing party must establish its entitlement to fees by a preponderance of the evidence; clear and convincing evidence is not required. *Id.* at 1758.

Merely asserting that a party's arguments were without merit does not show that a case is exceptional. Instead, courts look to whether a party knew or willfully ignored evidence that the claims were meritless; whether the party could have discovered the lack of merit by doing a basic pretrial investigation; or whether the lack of merit was clear early in the litigation. A court will generally not find a party with a good-faith argument in favor of its position to have made "exceptionally meritless" claims. *See Small v. Implant Direct Mfg. LLC*, No. 06 Civ. 683(NRB), 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014); *see also EON Corp. IP Holdings LLC v. Cisco Sys. Inc*, 12–CV–01011–JST, 2014 WL 3726170 (N.D. Cal. July 25, 2014) (even when the plaintiff's argument was "quite stretched" and its conduct "difficult to explain," the court could not "quite conclude that *no* reasonable patentee could see an opening . . . through which the argument could be squeezed"); *Gametek LLC v. Zynga, Inc.*, No. CV 13-2546 RS, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) (while the plaintiff's briefing, which "consisted of granular parsing of the claimed steps rather than any substantive explanation of how [the invention] differed from the underlying abstract idea," was inadequate, it "did not . . . descend to the level of frivolous argument or objective unreasonableness"). Courts have awarded attorneys' fees under § 285 when a party

advances arguments that are particularly weak and lack support in the record or that relitigate issues the court has already decided.[3]

The cases show that the most common types of evidence establishing exceptionality include evidence showing that the plaintiff engaged in inequitable conduct before the PTO; the plaintiff failed to conduct an adequate prefiling investigation or to exercise due diligence before filing suit; the plaintiff knew or should have known that its claim was meritless or lacked substantive strength; the plaintiff initiated the litigation to extract settlements from defendants to avoid costly litigation; the plaintiff proceeded in bad faith; and litigation misconduct.

**B.	Analysis**

The defendants argue that this case is exceptional because the plaintiffs: (1) brought this suit only 14 months before the '362 Patent's expiration date and asserted groundless infringement claims to retaliate for the inter partes review proceeding; (2) embarked on an "aggressive campaign to

---

[3] *See, e.g.*, *Cognex Corp. v. Microscan Sys., Inc.,* No. 13–CV–2027 JSR, 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014) (criticizing the plaintiff for posttrial motions that simply sought to relitigate issues decided during trial and awarding fees at least as to those motions); *Intex Recreation Corp. v. Team Worldwide Corp.*, No. CV 04-1785 (PLF), — F. Supp. 3d —, 2015 WL 135532, at *3 (D.D.C. Jan. 9, 2015) (awarding attorneys' fees because the patentee "advanced flawed, nonsensical, and baseless arguments, which lacked factual support, seeking only to re-litigate [the] Court's [previous] construction of the term 'socket'"); *Precision Links Inc. v. USA Products Group, Inc.*, No. 08–576, 2014 WL 2861759, at *3 (W.D.N.C. June 24, 2014) (criticizing the plaintiff for seeking a preliminary injunction largely based on a liability theory the court had already rejected and for filing frivolous postdismissal motions); *Gametek LLC v. Zynga, Inc.*, No. CV 13-2546 RS, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) (collecting cases); *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 13 Civ. 3599 DLC, 2014 WL 2440867, at *6-7 (S.D.N.Y. May 30, 2014) (awarding fees after granting judgment on the pleadings because basic investigation would have revealed the defendant's noninfringment); *Kilopass Tech. Inc. v. Sidense Corp.*, C 10–02066 SI, 2014 WL 3956703, at *13-14 (N.D. Cal. Aug. 12, 2014) (awarding fees when the plaintiff's investigation consisted of getting one legal opinion of noninfringement and another incomplete opinion); *Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12–cv–00053–GMN–NJ, 2015 WL 2448714, at *2 (D. Nev. Apr. 20, 2015) (recommending awarding fees because of "(1) the entry of default judgment against Defendant on a claim for willful infringement, (2) the imposition of case-dispositive sanctions for Defendant's willful failure to comply with the Court's orders and to obtain counsel, and (3) the order finding Defendant in contempt of the preliminary injunction order" (citations omitted)), *accepted and adopted*, 2015 WL 2448718 (D. Nev. May 21, 2015).

prevent [the d]efendants from marketing their products by seeking a preliminary injunction"; (3) pursued a contempt motion without an adequate evidentiary basis; and (4) persist in trying to impose appellate costs on the defendants. (Docket Entry Nos. 67, 68). The defendants seek $94,681.50 in fees and expenses incurred in this case. The defendants also seek $430,284.42 in fees and expenses incurred in the inter partes review proceeding, asserting that the proceeding and the fees it required were necessary to prevail in this case. (Docket Entry No. 64, at 12).

### 1.     **The Timing of the Lawsuit**

The defendants cite *Limelight Networks, Inc. v. Akamai Tech., Inc.*, 134 S. Ct. 2111 (2014), which stated that "liability for inducement" of infringement under 35 U.S.C. § 271(b) "must be predicated on direct infringement" under § 271(a). *See id.* at 2117. The defendants assert that the absence of direct infringement allegations in the complaint make the plaintiffs' induced infringement claims groundless. The defendants also cite the "absence of evidence" of any direct infringement. (Docket Entry No. 66, at 5).

The induced infringement allegations do not warrant an exceptional case finding. Courts assessing objective baselessness must "focus on the act of filing the complaint as the actionable event," not on subsequent acts or events. *See Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1350 (Fed. Cir. 2014); *see also Boehm v. Future Tech Today, Inc.*, No. 6:15-cv-277-MC, 2015 WL 2401423, at *3-4 & n.4 (D. Or. May 19, 2015) (denying the motion for attorneys' fees despite "conclud[ing] [that] the complaint [wa]s meritless" under *Limelight* because "the complaint was not so egregious as to fall under the scope of 35 U.S.C. § 285"). The plaintiffs' complaint alleged direct infringement. The complaint alleged that Surge Energy, a third-party end-user of Moore Pipe's Shur-Flo products, directly infringed the '362 Patent.

(Docket Entry No. 1, ¶¶ 59, 60, 62, 64, 66, 75, 77, 78). And when the plaintiffs filed their complaint, they had a basis to allege that the defendants had induced, or would soon induce, infringement of the '362 Patent.

To succeed on an induced-infringement claim under § 271(b), a plaintiff must prove by a preponderance of evidence that (1) there has been direct infringement and (2) the defendants knowingly induced infringement and possessed specific intent to encourage their customers' infringement. *See Acco Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007). The plaintiffs' original complaint alleged that Moore Pipe induced infringement by shipping Shur-Flo to a distributor in the United States, where it was installed in a rod-pumping producing oil well. (Docket Entry No. 1, ¶¶ 56-79). The plaintiffs also sought a declaratory judgment that would prevent Moore Rod, the Texas affiliate, from inducing infringement. (*Id.*, ¶¶ 24-55). *See Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481, 1484 (Fed. Cir. 1998) (providing that direct infringement is not required for a party to seek a declaratory judgment that a party's actions will induce infringement).

The timing of the lawsuit—14 months before the '362 Patent's expiration and after the defendants challenged the patent's validity though the inter partes review process—does not support an exceptional case finding. *See Kreative Power, LLC v. Monoprice, Inc.*, No. 14–cv–02991–SI, 2015 WL 1967289, at *6 (N.D. Cal. Apr. 30, 2015) (denying a motion for attorneys' fees under 35 U.S.C. § 285 even though the court had found the plaintiff's patent "invalid in view of [a] prior art 2008 public display" because there was "no reason to expect that Kreative, as the owner of an issued design patent, would conclude at the outset of the case that the patent was invalid, especially when Kreative's attorneys performed a pre-suit investigation and prepared a claim chart"). Even

an "expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286." *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011).

The defendants do not cite authority supporting their assertion that filing a lawsuit during the pendency of an inter partes proceeding requires an exceptional case finding. When the PTAB initiated the inter partes review proceeding, it had "not made a final determination on the patentability of any challenged claim." (Docket Entry No. 42-2, at 15 (IPR Decision Instituting IPR)). Patentees may sue for infringement so long as a claim-at-issue has not been cancelled, and patent claims are not cancelled until a certificate issues after the inter partes review appeals are exhausted. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339-40 (Fed. Cir. 2013) ("[T]he language and legislative history of the reexamination statute show that Congress expected reexamination to take place concurrent with litigation, and that cancellation of claims during reexamination would be binding in concurrent infringement litigation. . . . [I]f the PTO confirms the original claim in identical form, a suit based on that claim may continue, but if the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is extinguished and the suit fails"); 35 U.S.C. § 318(b) (requiring that "the time for appeal" expire or that any appeal be "terminated" before the PTO issues a cancellation certificate); 37 C.F.R. § 42.80 (same). And the Supreme Court recently made clear that even a good-faith belief as to a patent's invalidity is no defense to a claim of induced infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, — S. Ct. —, 2015 WL 2456617, at *9 (U.S. May 26, 2015) ("[A] belief as to invalidity cannot negate the scienter required for induced infringement.").

Nor do the defendants' allegations of retaliatory motive justify an exceptional case finding.

*See JS Prods., Inc. v. Kabo Tool Co.*, No. 2:11–cv–01856–RCJ–GWF, 2014 WL 7336063, at *5 (D. Nev. Dec. 22, 2014) ("While the timing of this case makes JSP's suspicions plausible, JSP again fails to provide the Court with evidence that Kabo's motivation in sending the cease-and-desist letters, or raising an infringement counterclaim in this case, was to harass JSP. Without evidence in the record, JSP's suspicions, even if well-founded, are not enough to cause this case to stand out as exceptional."); *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, — F. Supp. 3d —, No. 09–598–LPS, 2015 WL 1467204, at *8 (D. Del. Mar. 30, 2015) (rejecting the plaintiff's request for attorneys' fees based on allegations that the defendant "maliciously infringed [the plaintiff's] trade dress and patents by developing its own product to sabotage [the plaintiff], in retaliation for [the plaintiff] supplying its products to one of [the defendant's] competitors" because "there [wa]s little if any evidence to support a finding that [the defendant's] actions in this regard were malicious" and "the record overall support[ed] a finding that [the defendant] was engaged in routine business decisionmaking"); *cf. Monolithic Power Sys., Inc. v. O2 Micro Int'l, Ltd.*, 726 F.3d 1359, 1369 (Fed. Cir. 2013) (affirming the district court's award of attorneys' fees based on its finding that the defendant engaged in "extensive misconduct . . . compris[ing] an abusive 'pattern' or a vexatious 'strategy' that was 'pervasive enough to infect the entire litigation,'" including "fil[ing] a complaint in the ITC against [the plaintiff] and [the plaintiff's] customers in retaliation for the declaratory judgment action [the plaintiff] had filed against it").

The timing of the lawsuit does not make this case exceptional.

### 2.     The Request for a Preliminary Injunction

Moore Rod and Moore Pipe argue that the plaintiffs engaged in litigation misconduct by seeking a preliminary injunction barring them from advertising or distributing their Shur-Flo product

for infringing use. The argument does not acknowledge that the defendants agreed to the preliminary injunction as a condition staying the litigation. (Docket Entry No. 34). They submitted an agreed order outlining the injunction's terms. (*Id.*). "A party will not be heard to appeal the propriety of an order to which it agreed." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992); *see also Gary H. Hegstrom*, 831 F.2d 1430, 1439 (9th Cir. 1987) ("When the defendants lead the district court down the primrose path, . . . they cannot later complain that the district court's order was improper." (quotations omitted)). The plaintiffs' pursuit of the agreed preliminary injunction does not make this case exceptional.

### 3. The Contempt Motion

The defendants argue that the plaintiffs' motion for contempt sanctions was groundless and justifies an exceptional case finding. They point to the plaintiffs' failure to produce an affidavit from a third-party customer attesting to the defendants' marketing or distribution of their Shur-Flo product for an infringing use in rod-pumping wells. They also argue that the plaintiffs should not have monitored their compliance with the court's preliminary injunction.

The record does not show that the plaintiffs' motion to hold the defendants in contempt of the court's preliminary injunction order was procedurally defective or groundless. The plaintiffs conferred with defense counsel before filing the motion, as the rules require. (Docket Entry No. 37, at 24). The court's injunction order specifically allowed such a motion, providing that "nothing about this Order precludes either party from immediately filing, during the stay, a motion to address potential violations of the Preliminary Injunction." (Docket Entry No. 34, at 3); *see also Financial Cas. & Sur., Inc. v. Zouvelos*, Civ. A. No. H-11-2509, 2011 WL 6291962, at *2 (S.D. Tex. Dec. 15, 2011) (granting a plaintiff's motion for a show-cause hearing to determine whether the defendants

should be held in contempt).

The agreed preliminary injunction prohibited the defendants from "[a]dvertising, promoting or offering for sale polymer liners or lined tubulars, including Shur-Flo, for use in the United States in production wells using rod-pumping systems, until December 7, 2014." (Docket Entry No. 34, at 3, ¶ 2(b)). The plaintiffs' motion was largely "about advertising." (Docket Entry No. 45, at 6 (Hearing Transcript); *see also* Docket Entry No. 37). At the hearing, the defendants agreed to remove statements from their websites about the Shur-Flo product's use in reciprocating rod wells and to ask third parties to remove similar statements from their websites. (Docket Entry No. 45, at 7-8, 13). The court gave the plaintiffs two weeks to produce an affidavit from a customer providing support for the claim that the defendants were violating the injunction's prohibition against promoting or selling Shur-Flo to the plaintiffs' customers for use in reciprocating wells. The steps the defendants agreed to addressed some of the issues the plaintiffs raised in their motion to hold the defendants in contempt. Although the plaintiffs did not produce an affidavit showing any infringing sales to the plaintiffs' customers and thereby declined to pursue their motion to hold the defendants in contempt, that decision does not justify an exceptional case finding.

Even if the plaintiffs were objectively unreasonable in asserting that the defendants had violated the court's injunction by promoting the Shur-Flo product and selling it to third parties, that would not by itself justify an exceptional case finding. *See MyMedicalRecords, Inc. v. Jardogs, LLC*, 2015 WL 1781332, at *3 (C.D. Cal. Apr. 20, 2015) (denying the defendants' motion for attorneys' fees because although the plaintiff's "refusal to withdraw or stipulate to invalidity of the '883 Patent after claim construction was unreasonable," it was "the only sanctionable action by [the plaintiff] throughout the case, and therefore d[id] not cause the case to rise to the level of

'exceptional' under section 285"); *see also id.* at *4 (distinguishing cases in which "the plaintiff . . . had continuous egregious behavior throughout the case, not just one instance" (citing *IPVX Patent Holdings, Inc. v. Voxernet LLC*, No. 5:13–CV–01708 HRL, 2014 WL 5795545, at *5 (N.D. Cal. Nov. 6, 2014); *Logic Devices, Inc. v. Apple Inc.*, No. C 13–02943 WHA, 2014 WL 6844821, at *1 (N.D. Cal. Dec. 4, 2014)); *cf. Oplus Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1374-75 (Fed. Cir. 2015) (vacating the district court's ruling denying fees because the record showed "an egregious pattern of misconduct" that included "harassing, unprofessional, and vexatious litigation"). Because the record here does not present similar additional evidence of litigation misconduct, the motion for contempt, in light of its resolution, does not justify an exceptional case finding.

### 4. The Appeal of the PTAB Decision

The defendants argue that the plaintiffs are forcing them to incur unnecessary expenses by appealing the PTAB's decision finding the patent—which expired shortly after the decision—invalid for obviousness. But the plaintiffs have a right to appeal. If they prevail, they may be able to seek damages for past infringement on the since-expired patent. *See Genetics Institute LLC v. Novartis and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (expired patent); *In re Cuozzo Speed Techs.*, 2015 WL 448667, at *6 (Fed. Cir. Feb. 4, 2015) (stating the proper claim construction standard to be used by the USPTO when reviewing expired patents); *In re Rambus*, 753 F.3d 1253, 1256 (Fed. Cir. 2014) (same). This factor does not support an exceptional case finding.

### C. Summary

The record shows that the relevant factors, considered both alone and in combination, do not justify finding exceptional circumstances that would support the fee award the defendants seek.

## V.     Conclusion

The plaintiffs' motion to dismiss the claims and counterclaims, (Docket Entry No. 63), is granted on the condition that the plaintiffs pay the defendants' costs under Rule 54(d)(1). The defendants' motions for attorneys' fees under 35 U.S.C. § 285, (Docket Entry No. 43, 68), are denied. The defendants' motion for summary judgment, (Docket Entry No. 43), is denied as moot.

Because this Memorandum and Opinion resolves the remaining issues in the case, an order of dismissal is separately entered. The defendants may seek costs under Rule 54(d)(1).[4]

SIGNED on June 18, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[4] *See Lightfoot v. Hartford Fire Ins. Co.*, No. CIV.A. 07-4833, 2012 WL 6161796, at *1, 4 (E.D. La. Dec. 11, 2012) (considering the defendant's motion for costs under Rule 54(d) filed 7 days after the court granted the plaintiff's Rule 41(a)(2) motion to dismiss with prejudice); *see also Alexander*, 2014 WL 549389, at *6-7 (finding that "no 'exceptional circumstances' warrant[ed] fee shifting from" the plaintiff seeking voluntary dismissal with prejudice to the defendant but requiring the plaintiff to pay costs as a condition of dismissal); *Sarkes Tarzian, Inc. v. Philco Corp.*, 351 F.2d 557, 560-61 (7th Cir. 1965) (affirming both the district court's denial of attorneys' fees under § 285 and its award of costs because "[t]he costs that may properly be awarded to the prevailing party in a lawsuit is on a different basis than an award of attorney fees under 35 U.S.C. § 285").